```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X
UNITED STATES OF AMERICA,      :
                                    S1 03 Cr. 669 (JFK)
        -against-              :

KENNETH STEVENS,               : OPINION and ORDER

                Defendant.     :

------------------------------X
```

APPEARANCES:

    For the United States of America:
      DAVID N. KELLEY
      United States Attorney
      for the Southern District of New York
      New York, New York
      Of Counsel: Benjamin Gruenstein
             Joan Loughnane
             Assistant United
              States Attorneys

    For Defendant:
      Kenneth Stevens
      Pro Se
      #51800-054
      Metropolitan Correctional Center
      80 29th Street
      Brooklyn, New York  11232

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN, United States District Judge:**

**THE MOTION**

On April 14, 2005, defendant filed a pro se motion for an Order setting aside his conviction and granting him a new trial on the grounds that he received ineffective assistance of counsel. His attorney, Donald Buchwald, has declined to make this motion. Defendant also claims his speedy trial rights were denied. A motion to that effect was made by prior counsel and denied by Judge Richard Casey.

**BACKGROUND**

On October 27, 2003, Kenneth Stevens was charged with robbing four federally insured banks in Manhattan.

> Count One charged that on or about April 15, 2003, Stevens robbed a branch of Chase Bank located at 386 Park Avenue South.
>
> Count Two charged that on or about May 5, 2003, defendant robbed a branch of Chase Bank located at 1411 Broadway.
>
> Count Three charged that on or about May 5, 2003, Stevens robbed a branch of Citibank located at 170 West 72nd Street.
>
> Count Four charged that on or about May 12, 2003, Stevens robbed a branch of Chase Bank at 225 Park Avenue South.

The Superseding Indictment charged that, at each robbery, defendant passed the teller a note demanding money and stating that he had a bomb.

The case was reassigned from Judge Richard C. Casey and trial commenced on September 7, 2004. On September 20, 2004, the jury found Stevens guilty of all four counts of the Superseding Indictment. After the verdict, Michael Young, Esq., counsel for Stevens, was asked whether he wished to reserve motions or to make motions. Mr. Young answered that he would reserve motions. No request for an extension of the time period in which to file motions was made and no extension was granted by the Court. On November 15, 2004, Donald Buchwald, Esq., defendant's fourth court-appointed lawyer, was substituted as new counsel for Stevens.

In this motion, Stevens seeks a new trial ("Def. Mot."). Stevens moves "for an Order setting aside his conviction herein and granting him a new trial on the grounds that he received ineffective assistance of counsel at and in connection with the trial of this matter." In the motion, Stevens claims that he was prejudiced by the assistance provided in his case by Harvey Alter, a paralegal working with trial counsel, Michael Young. Def. Mot. at 2-4. He claims that "'conflicting fingerprint evidence'" at his trial was not introduced by trial counsel, Def. Mot. at 4, that trial counsel did not introduce handwriting testimony that Stevens wished to present, id. at 5, that Stevens was not afforded an opportunity to review bank surveillance videos before trial with his counsel, id., and that he was given no opportunity to preview

3

still photographs introduced by the Government at trial. Id. at 6. Stevens further claims that trial counsel failed to call certain unnamed witnesses at trial and to subpoena records, id., failed to hire a private investigator, id., and conducted an insufficiently aggressive cross-examination of certain witnesses. Id. at 7.

Finally, Stevens claims that he asked that a speedy trial motion be filed and that his speedy trial rights be protected. He suggests that his case should have proceeded to trial more quickly. As noted above, a prior motion to this effect was made and denied (see court Docket Item #37).

## DISCUSSION

The motion for a new trial is governed by Federal Rule of Criminal Procedure 33, which sets time limits for the filing of a new trial motion. The Court has no jurisdiction to consider any motion that was not filed in a timely fashion, pursuant to Rule 33. This motion was filed long after the time period set forth in Rule 33.

Rule 33 states, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33 sets forth time limits for the filing of a new trial motion: "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period." Fed.

R. Crim. P. 33(b)(2). There is no contention here concerning newly discovered evidence.

Here, the pro se motion was filed nearly seven months after the September 20, 2004 jury verdict. No extension of time to file such a motion was granted. Stevens' motion was untimely. This Court has no jurisdiction to consider same. "These time limitations [in Rule 33] are jurisdictional; if the motion is not timely filed, the court lacks power to consider it." United States v. Mayo, 14 F.3d 128, 132 (2d Cir. 1994).

Defense counsel's alleged ineffectiveness does not excuse the untimeliness of the motion. In United States v. Moronta-Garcia, the court ruled that if the "reason for failure to timely file a post-trial motion is the ineffective assistance of counsel," such performance does not excuse the tardiness of the motion and permit the Court to reach the merits. No. 92 Cr. 234 (CSH), 1995 WL 23549 at *2 (S.D.N.Y. Jan. 20, 1995). "There is simply no authority for the proposition that a defendant's failure to timely file a motion under Rule 33 may be excused." Id. This is because "Rule 33 is jurisdictional, . . . the Court lacks the power to decide an untimely motion, even if it so desired." Id.

Stevens' motion is not appropriate as a motion pursuant to 28 U.S.C. § 2255 at present. As I held, "[i]t is beyond doubt that, absent extraordinary circumstances, a court does not entertain a § 2255 petition until a direct appeal has been decided." Lopez v. United States, No. 97 Civ. 5680 (JFK), 1997 WL 634176 at *1 (S.D.N.Y. Oct. 15, 1997).

This Court lacks jurisdiction to consider the defendant's motion for a new trial and it is dismissed.

**SO ORDERED.**

Dated: New York, New York
June 14, 2005

_____
JOHN F. KEENAN
United States District Judge