USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/13/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
UNITED STATES OF AMERICA        :
                                :
    -against-                   :
                                :  No. 03 Cr. 669 (JFK)
KENNETH STEVENS                 :
                                :
            Defendant.          :
                                :
------------------------------ X
KENNETH STEVENS                 :
                                :
            Petitioner,         :
                                :
    -against-                   :  No. 16 Civ. 4660 (JFK)
                                :
UNITED STATES OF AMERICA        :      **OPINION & ORDER**
                                :
            Respondent.         :
                                :
------------------------------ X

APPEARANCES

FOR THE UNITED STATES OF AMERICA
    Michael Dayton Longyear
    U.S. ATTORNEY'S OFFICE

FOR KENNETH STEVENS
    Colleen P. Cassidy
    FEDERAL DEFENDERS OF NEW YORK, INC.

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant Kenneth Stevens' ("Stevens") motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct sentence. For the reasons below, this motion is denied.

I. **Background**

On September 20, 2004, following a jury trial, Stevens was convicted on four counts of bank robbery in violation of 18 U.S.C. § 2113(a). On June 28, 2005, the Court sentenced Stevens to a total of 216 months' imprisonment to be followed by three years' supervised release.

On June 17, 2016, Stevens filed the initial motion which he amended on June 26, 2016. Stevens was released from custody on January 11, 2019 and is now, presumably, serving his term of supervised release.

## II. Legal Standards

Pursuant to 28 U.S.C. § 2255(a), a "prisoner in custody under sentence of" a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the prisoner claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Relief under § 2255 is only available "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of

justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks and citations omitted).

### III. Discussion

As an initial matter, for the purposes of a § 2255 motion, a petitioner under supervised released is still considered "in custody." Wilson v. United States, No. 09 Cr. 1086 (DAB)(GWG), No. 13 Civ. 7430 (DAB)(GWG), 2014 WL 748510, at *5 (S.D.N.Y. Feb. 26, 2014) (citing Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994)). Since Stevens is currently serving his term of supervised release, the Court can hear this motion.

Stevens argues that the Supreme Court recognized a new right in Johnson v. United States, 135 S. Ct. 2551 (2015), which found that the residual clause of the Armed Career Criminal Act was unconstitutionally vague in violation of the Due Process Clause. (Mem. of L. in Supp. of Mot. at 27-29, 16-cv-4660, ECF No. 9 (filed June 8, 2017) [hereinafter "Mem."]). Stevens was sentenced as a "career offender" under the United States Sentencing Guidelines (the "Guidelines") because his federal offenses and previous offenses in the state qualified as "crimes of violence" under § 4B1.2(a)'s residual clause. (Sentencing Transcript at 11, 16-cv-4660, ECF No. 9-1 (filed June 8, 2017) [hereinafter "Sent. Tr."].) Stevens argues that because §

3

4B1.2(a)'s residual clause and the clause <u>Johnson</u> invalidated are "identically worded," § 4B1.2(a) is also unconstitutionally vague. (Mem. at 7-8.)

The Government contends that <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017), forecloses any <u>Johnson</u> relief because, in that case, the Supreme Court held that the Guidelines "are not subject to vagueness challenges under the Due Process Clause" as they are advisory, and, thus, found that "§ 4B1.2(a)'s residual clause is not void for vagueness." (Mem. of L. in Opp. To Pet.'s Mot. at 4, 16-cv-4660, ECF No. 13 (filed Sept. 11, 2017) (citing <u>Beckles</u>, 137 S. Ct. at 895).)

Stevens replies that, though that holding applies to sentences imposed while the Guidelines were advisory, the Second Circuit has held that "<u>Beckles</u> did not clearly foreclose" an argument that <u>Johnson</u> applies to sentences "imposed prior to <u>United States v. Booker</u>, 542 U.S. 220 (2005), which rendered the previously mandatory Guidelines discretionary." (Mem. at 5 (quoting <u>Vargas v. United States</u>, 16-2112 (L), 2017 WL 3699225, at *1 (2d Cir. May 8, 2017)).) While Stevens himself admits that he was sentenced after <u>Booker</u>, he argues that his sentence was decided before <u>United States v. Cavera</u>, 550 F.3d 180 (2d Cir. 2008), the case in which the Second Circuit first held that

4

the Guidelines were "fully advisory." (Mem. at 9-11 (citing Cavera, 550 F.3d at 191).) As such, Stevens argues that he was sentenced under "more than advisory" Guidelines and, accordingly, Beckles does not apply. (Id. at 9, 12-13.) The Court is unpersuaded.

As Judge McMahon observed in resolving an essentially identical argument, "long before Cavera was decided" and prior to Stevens' sentencing "the Second Circuit was aware, and its constituent district courts were on notice, that Booker rendered the Sentencing Guidelines advisory." Apostolopuos v. United States, No. 16 Civ. 4564 (CM), No. 04 Cr. 1220 (CM), 2017 WL 6034158, at *2 (S.D.N.Y. Nov. 21, 2017). As much was evident, Judge McMahon argued, from several Second Circuit cases decided between Booker and Stevens' sentence. Id. (citing United States v. Crosby, 397 F.3d 103, 111 (2d Cir. Feb. 2, 2005) (holding that the Guidelines were advisory and that judges must "consider" the Guidelines along with the other factors listed in section 3553(a)); United States v. Rosen, 409 F.3d 535, 550 (2d Cir. June 6, 2005) ("Accordingly, under this Court's decision in United States v. Crosby, 397 F.3d 103, we will remand this matter to the district court to determine whether, had it known that the Guidelines were to be consulted on an advisory basis

5

rather than applied mandatorily [in deciding a sentence pre-Booker], Rosen would have received the same sentence."); United States v. Fagans, 406 F.3d 138, 142 (2d Cir. Apr. 27, 2005) ("Since the Guidelines calculation [at a pre-Booker sentencing] was correct, the compulsory use of the Guidelines was erroneous and Fagans preserved his objection to that error, we remand to the District Court with instructions to vacate the sentence and resentence in conformity with Booker and this opinion.")). Moreover, at Stevens' sentencing, both defense counsel and the Government reminded the Court about this new sentencing standard and the Court evidently considered that standard in deciding the appropriate sentence. (Sent. Tr. at 9-11.)

Given that the Second Circuit repeatedly put courts in this district on notice about Booker's implications and that the transcript clearly indicates that the Court was aware of and considered the change in deciding Stevens' sentence, Stevens was clearly sentenced under advisory guidelines and, thus, Beckles controls. See Apostolopuos, 2017 WL 6034158, at *3. Accordingly, Johnson relief is unavailable and this petition must be denied.[1] Id.

---

[1] The Court would have denied this petition even if Stevens had been sentenced pre-Booker since the Supreme Court has not recognized a new right applicable to mandatory career offender guidelines. See Nunez v.

6

## Conclusion

For the reasons above, Stevens' motion to vacate, set aside, or correct his sentence is DENIED. The Court further declines to issue a certificate of appealability, as petitioner has not made a substantial showing of a denial of a federal right. See Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012). The Court further finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 360 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motions at ECF No. 78 in 03-cr-669 and ECF No. 4 in 16-cv-4660 and close 16-cv-4660.

**SO ORDERED.**
Dated:  New York, New York
        May /3 , 2019

                                        JOHN F. KEENAN
                                        United States District Judge

---

United States, No. 16 Civ. 4742 (LAK), 2018 WL 2371714, at *2 (S.D.N.Y. May 24, 2018); Bryant v. United States, No. 16 Civ. 4986 (VB), 93 Cr. 645 (VB), 2018 WL 1010212, at *2 (S.D.N.Y. Feb. 20, 2018). As defendants had, thus, failed to identify such a right, these courts denied their respective § 2255 petitions for timeliness. Nunez, 2018 WL 2371714 at *3; Bryant, 2018 WL 1010212, at *3. The Court could have denied this petition as untimely on the same grounds. See Apostolopuos, 2017 WL 6034158, at *3 n.1.